## Whiteman Estate

*Samuel L. Sagendorph*, for accountants.

HOLLAND, P. J., February 1, 1954.—The first and final account of Girard Trust Corn Exchange Bank and Elizabeth M. Whiteman, executors, was audited September 21, 1953. The account shows a balance of principal for distribution in the sum of $192,272.43, embraced in the investment securities, miscellaneous items and distribution in the sum of $200,045.41, there being due accountants therefrom $7,772.98; and a balance of income for distribution in the sum of $10,513.55, composed of cash and distributions, all as shown on the second and third pages of the account. It was represented in the petition for adjudication that $3,515 and $193.21 have been paid on account of transfer inheritance tax, but the certificate of the register indicates that the final tax has not been calculated. The award of the residue, therefore, is expressly subject to the payment of any additional Pennsylvania transfer inheritance tax and Pennsylvania additional estate tax properly found to be due which shall be reflected in the schedule of distribution hereinafter directed to be filed.

Petitioners suggest that the phrase in item third of the will, bequeathing to Elizabeth M. Whiteman absolutely "one-half of my entire estate," refers to the estate passing under the will and subject to their administration, rather than to the estate as shown on any Federal estate return. The question, however, is submitted to the court, and the court answers it in the affirmative and as suggested by petitioners. It is obvious that the items that appear on any Federal

estate tax return have no bearing on this question as the items that appear on the Federal estate tax return are those which are determined by the Federal taxing authorities to be regarded as a part of decedent's estate for tax purposes. This has no determining effect, however, on what constitutes decedent's individual estate. It is obvious that the terms of the will operate only on the property real and personal of which decedent died seized and possessed. The suggested distribution contained in the petition for adjudication, therefore, is correct.

Petitioners are in disagreement as to liability of the surviving spouse to reimburse the estate on account of an allocation of 1952 income tax liability between decedent and the surviving spouse. The facts have been agreed upon, as per stipulation hereto attached, and it is requested that the court determine this issue on the basis of such facts. The question is raised by the Girard Trust Corn Exchange Bank, one of the coexecutors.

According to the stipulation of facts, the Girard Trust Corn Exchange Bank, as coexecutor, contends that, inasmuch as decedent's proportionate share of the joint 1952 income tax liability was less than the amount paid by decedent at the time of the first installment (based on a joint estimate), the surviving spouse should reimburse the estate for the amount of estimated tax paid by decedent in excess of his share of the joint liability, which excess was applied toward the proportionate share of the joint tax applicable to the income of the surviving spouse. Also, according to the stipulation of facts, Elizabeth M. Whiteman, as coexecutor as well as surviving spouse, contends that the first installment payment which was composed of funds of decedent as well as her own was made by them as a unit in settlement of a joint obligation; that while each party contributed funds toward this pay-

ment, it was not under any agreement as to an allocation of their joint tax liability and subsequent adjustment; rather, any part of the payment applied on account of the joint liability which in fact might be in excess of one or the other's individual liability, was considered a donation to satisfy the joint obligation.

Number 4 of the stipulation of facts indicates that the joint income tax liability for the year 1952 of decedent and his wife, Elizabeth M. Whiteman, amounted to $7,545.48. It is also indicated therein that of this sum of the total tax liability based on the personal income of each of the parties indicated a liability of $4,351.68 for Elizabeth M. Whiteman and $3,193.83 for the decedent. The difference between these two amounts, or $975.97, it is contended by the corporate executor, should be deducted from the share of Elizabeth M. Whiteman in distribution in reimbursement to decedent's estate, he having paid that amount in his lifetime. Elizabeth M. Whiteman, as above indicated, contends that no such deduction should be made by reimbursement for the reasons hereinabove set forth in the statement of her contention. The court is in entire agreement with her contention, and holds that no reimbursement by her is due decedent's estate and that no deduction therefore should be made from her share in distribution and the court so holds.

The net ascertained balances of principal and income are awarded as suggested in the last paragraph of the petition for adjudication. All awards are subject to distributions heretofore properly made. The account is confirmed, and it is ordered and decreed that Girard Trust Corn Exchange Bank and Elizabeth M. Whiteman, executors, as aforesaid, forthwith pay the distributions herein awarded. Counsel for accountants shall file a schedule of distribution in duplicate.

And now, February 1, 1954, this adjudication is confirmed nisi.